IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID NA'IM, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:12-CV-2827-D |
| ) | |
| TEXAS BOARD OF PARDONS AND ) | |
| PAROLES, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Factual background**

Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241. Petitioner is currently on parole. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.

Petitioner filed this petition challenging certain conditions of his parole know as "SISP," or Super Intensive Supervision Program. These conditions were imposed when Petitioner was paroled in February, 2011.

Petitioner argues:

(1)     The SISP conditions deprive him of due process;

(2)     The SISP conditions violate his equal protection rights; and

  (3)  The SISP conditions violate the Ex Post Facto Clause.

On December 12, 2012, Respondent filed its answer arguing the petition is time-barred and without merit. On January 30, 2013 and February 19, 2013, Petitioner filed replies. The Court now finds the petition should be denied.

## II. Discussion

**1. AEDPA Limitations**

Respondent's answer states that the petition is filed pursuant to 28 U.S.C. § 2254 and is barred by the AEDPA statute of limitations. Petitioner argues that he filed this petition pursuant to 28 U.S.C. § 2241, and that the one-year AEDPA statute of limitations does not apply. The Court finds that because Petitioner is not challenging his conviction or sentence, but is instead challenging the execution of his sentence, the petition is properly construed under § 2241. *See Jeffers v. Chandler*, 53 F.3d 827 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876 (5th Cir. 2000). Additionally, it appears the AEDPA one-year statute of limitations does not apply to § 2241 petitions. *See Homayun v. Cravener*, 39 F.Supp.2d 837, 841 (S.D. Tex. 1999) (stating Fifth Circuit has not applied AEDPA limitations period to § 2241 petitions). The Court therefore declines to dismiss the petition as barred by the statute of limitations.

**2. Due Process**

Petitioner claims that the SISP conditions violate his due process rights because he was denied: (1) 24 hour advance written notice of the conditions; (2) the opportunity to present evidence; (3) appointment of counsel; (4) the right to appear before the Board; (5) the right to confront the Board and cross-examine Board members; and (6) the right to see evidence used against him. The Fifth Circuit, however, has determined that prisoners do not have a protected

liberty interest regarding SISP conditions imposed as a condition of supervised release. *Smith v. Kimball*, 421 Fed. Appx. 377, 380 (5th Cir. 2001); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995) (stating Texas inmates have no liberty interest in obtaining parole and therefore cannot complain of the procedures used in parole proceedings). Petitioner's due process claims should be denied.

**3.     Equal Protection**

Petitioner argues the SISP conditions are discriminatory and violate his right to equal protection. He states the Board improperly considered his five aggravated robbery convictions when imposing the SISP conditions. He also argues that other parolees are not subject to SISP conditions.

The Equal Protection Clause requires that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Petitioner must show that two or more classifications of similarly situated persons were treated differently. *Stefanoff v. Hays County, Tex.*, 154 F.3d 523, 525-26 (5th Cir. 1998). The court must then determine whether to apply either a strict scrutiny or rational basis review. *Rublee v. Fleming*, 160 F.3d 213, 217(5th Cir. 1998). A petitioner may also establish an equal protection claim by showing that he has been intentionally treated differently from others similarly situated, without any rational basis, due to illegitimate animus or ill will. *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (per curiam).

In this case, Petitioner does not clearly state which two or more classifications of similarly situated persons were treated differently. To the extent he is arguing that some parolees are not subject to SISP, he has failed to show these parolees are similarly situated. Petitioner is serving a life sentence, he was convicted of five aggravated robberies, and he has previously

failed to return to the half-way house while on parole. He has failed to show that other parolees with a similar record have been treated differently. Additionally, he has failed to show the restrictions are not rationally related to a legitimate governmental interest. Petitioner's equal protection claims should be denied.

**4.     Ex Post Facto**

Petitioner argues that the SISP conditions, specifically the electronic monitoring and curfew restrictions, violate the Ex Post Facto Clause. The Fifth Circuit, however, has determined that changes in Texas parole laws imposing SISP restrictions do not constitute an ex post facto violation. *Cruz v. Texas Parole Div.*, 87 Fed. Appx. 346, 347 (5th Cir. 2004) (per curiam) (citing *Vineyard v. Keese*, 70 F.3d 1266 (5th Cir. 1995) (unpublished) (holding that changes in Texas parole laws imposing electronic monitoring, urinalysis, driving restrictions and curfew did not constitute an ex post facto violation). Petitioner's ex post facto claims should be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 be denied.

Signed this 27th day of March, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).